IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEON CORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-130-F |
| ) | |
| TOMMY MANGHAM, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 11, 2005, Christopher Leon Core, an indigent inmate and frequent litigant before this court, filed an application for leave to proceed *in forma pauperis* in accordance with the provisions of 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that the plaintiff, while incarcerated, has on three

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of the directives of § 1915(g) are as follows: (1) *Core v. Mangham, et al.*, Civil Action No. 3:04-CV-1177-T (M.D. Ala. 2005); (2) *Core v. Lee County Detention Facility, et al.*, Civil Action No. 3:98-CV-1030-A (M.D. Ala. 1999); and (3) *Core v. Kirby*, Civil Action No. 3:98-CV-779-A (M. D. Ala. 1998).

In the present civil action, Core complains that he has been denied adequate medical treatment and subjected to unconstitutional conditions of confinement. In light of the nature of the claims presented by the plaintiff and due to his violation of the three strikes provision of 28 U.S.C. § 1915(g), the defendants were directed to provide information relevant to the disposition of Core's application for leave to proceed *in forma pauperis*. *See Order of February 16, 2005 - Court Doc. No. 3*. On March 21, 2005, the defendants filed a response in compliance with this order, including relevant evidentiary materials, which specifically refutes the allegations contained in the complaint. Upon thorough review of the record in this case, it is clear that Core was not "under imminent danger of serious physical injury" at the time he filed the instant complaint as is required for an inmate to meet the imminent danger exception to application of 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

Based on the foregoing, the court concludes that the plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as the plaintiff failed to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice wen it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by the plaintiff on February 11, 2005 be and is hereby DENIED. It is further the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before April 11, 2005 the parties shall file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of March, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE